IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM SINWELL, )
 )
       Plaintiff, )
 )
vs. ) Civil Action No. 06-1153
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

O R D E R

AND NOW, this 10th day of January, 2008, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim

differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's only argument is that the ALJ erred by concluding that he did not have a severe mental impairment and that, therefore, the matter should be remanded for additional proceedings. (Plaintiff's brief in support of motion for summary judgment, p. 11). The Court notes that the primary issue before the ALJ was whether the plaintiff's back injury entitled him to DIB benefits. On this issue, the ALJ concluded, at the fifth step of the sequential evaluation process, that the plaintiff "retained the capacity for work that exists in significant numbers in the national economy and was not 'disabled' as defined in the Social Security Act, at any time through December 31, 1993 (20 CFR § 404.1520(g))." Tr. 31.

Plaintiff relies on the scant evidence in the record regarding a "psychological component" to his physical impairment, citing: (1) an incomplete February 19, 1991, letter from Robert G. Liss, M.D., an orthopedist; (2) a 1990 psychological assessment by Rebecca M. Wiegers, Ph.D., a psychologist; and (3) his testimony and that of his "significant other," Ingrid Knutson. The ALJ thoroughly addressed both the psychological assessment and the opinion of Dr. Liss, as set forth in his April 7, 1992, letter. Tr. 26-28. The ALJ did not discuss Dr. Liss's February 19, 1991, letter, which is incomplete. Tr. 259. For unexplained reasons, only the second page of Dr. Liss' February 19, 1991 letter is in the record, and it is incorrectly labeled as the fourth page of "Psychological Assessment dated 9/26/90 from Greater Pittsburgh Rehab Hospital, Robert G. Liss, M.D." Tr. 3. The first three pages are in fact Dr. Wiegers's psychological assessment. Tr. 256-59.

The Court finds no significance in the fact that the ALJ did not discuss this incomplete document. In his 1991 letter, Dr. Liss opined about a "significant psychological component to his disability" before recommending that "he retrain for a light duty job." Tr. 259. Indeed, Dr. Liss, an orthopedist, was in no position to diagnose a mental impairment and did not offer any such diagnosis. The ALJ did consider and discuss Dr. Liss's 1992 report in its proper context, that is, whether Plaintiff's low back injury would allow him to work. Tr. 26. The Court notes that the opinions of Dr. Liss set forth in his two reports are consistent: that Plaintiff should return to work in a light duty job. Tr. 259-60.

The ALJ thoroughly discussed the 1990 psychological assessment, which noted that Plaintiff was tense, moody and irritable. Tr. 27. Though Dr. Wiegers suggested psychotherapy for
(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

[1](...continued)
stress management, as the ALJ noted, Dr. Wiegers did not diagnose any mental impairment. Tr. 27; 256-58.

Finally, contrary to Plaintiff's assertion (Plaintiff's brief in support of motion for summary judgment, p. 8), the ALJ noted the testimony of Plaintiff and Ms. Knutson. Tr. 27. In the absence of any medical evidence of mental impairment, this subjective, self-serving evidence cannot carry the day.

Substantial evidence supports the ALJ's conclusion, at step two of the evaluation process, that Plaintiff did not have a severe mental impairment, and the decision of the Commissioner is affirmed.